NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HEIDI HAZELQUIST,

Plaintiff-Appellant,

v.

STEPHAN, Officer; et al.,

Defendants-Appellees.

No. 15-35863

D.C. No. 2:14-cv-00073-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Heidi Hazelquist appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging federal and state law claims arising from an arrest and involuntary commitment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2009), and we affirm.

The district court properly granted summary judgment for defendant Stephan on Hazelquist's unlawful seizure claim because Hazelquist failed to raise a genuine dispute of material fact as to whether there was no probable cause for her arrest. *See Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." (citation and internal quotation marks omitted)); *Ramirez*, 560 F.3d at 1023 (probable cause "exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on the basis of qualified immunity for defendant Hull on Hazelquist's § 1983 claim for involuntary commitment because it would not have been clear to every reasonable government official that Hull's decision to temporarily commit Hazelquist violated her clearly established right to due process. *See Sjurset v. Button*, 810 F.3d 609, 615-16 (9th Cir. 2015) (setting forth qualified immunity analysis); *see also In re Detention of June Johnson*, 322 P.3d 22, 28 (Wash Ct. App. 2014) (holding that Washington's "emergency detention statutory scheme does not violate procedural

due process").

The district court properly granted summary judgment for defendant Klewin on Hazelquist's excessive force claim because Hazelquist failed to raise a genuine dispute of material fact as to whether Klewin's actions were objectively unreasonable under the circumstances. *See Luchtel v. Hagemann*, 623 F.3d 975, 980-82 (9th Cir. 2010) (discussing the reasonableness standard and concluding officers used reasonable force in pinning down and handcuffing plaintiff before her mental health evaluation).

The district court properly granted summary judgment for defendants Stephan and Hull on Hazelquist's malicious prosecution claim because Hazelquist failed to raise a genuine dispute of material fact as to whether she filed a standard tort claim notice with the appropriate entities before commencing this action. *See* Wash. Rev. Code §§ 4.92.100 (requirements for presentment of tort claims against state officers); 4.92.110 (sixty-day waiting period after filing a tort claim form).

The district court properly granted summary judgment on Hazelquist's state law defamation, assault, and false imprisonment claims because Hazelquist conceded that her claims were time-barred. *See* Wash. Rev. Code § 4.16.100(1) (setting forth two-year statute of limitations).

We reject as unsupported by the record Hazelquist's contentions that this court and the district court violated her right to due process.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Hazelquist's pending motions and requests are denied.

**AFFIRMED.**

15-35863